UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

BRENDA ROTOLO, Independent Administrator
of the Estate of Andrew Rotolo, Deceased

        Plaintiff,

v.                                     Case No. 09-CV-337

MITCHELL A. KOPNICK, M.D.,
DEAN HEALTH SYSTEMS, INC.,
DEAN HEALTH SYSTEM, INC.,
ST. MARY'S DEAN VENTURES, INC., and
WISCONSIN INJURED PATIENTS AND
FAMILIES COMPENSATION FUND,

        Defendants.
_____

## ORDER

    Plaintiff Brenda Rotolo ("Rotolo") filed suit in this judicial district alleging Illinois state law claims against the defendants for their failure to detect her husband's prostate cancer at a curable stage. Judge Rudolph Randa stayed the case pending a decision on the defendants' motion to transfer a similar action filed in Illinois to this judicial district. Rotolo now files a motion for a lift of the stay and for voluntary dismissal of the case without prejudice.

    Rotolo asserts that she filed two actions against the same defendants, one in Illinois state court, which was subsequently removed to the District Court for the Northern District of Illinois, and one here in the Eastern District of Wisconsin. In the Illinois case, the defendants filed a motion seeking a transfer of venue to this district.

Judge Frederick Kapala of the Northern District of Illinois denied the motion to transfer, as well as the defendants' motion for reconsideration. Judge Kapala then stayed the case before him pending Rotolo's dismissal of her case here in the Eastern District of Wisconsin. On March 9, 2010, the defendants filed a second motion to transfer the venue of the Illinois action, asking Judge Kapala to transfer the case to the Western District of Wisconsin. The defendants argue that dismissal of Rotolo's suit in this court, prior to a decision on their most recent motion to transfer, would be premature.

The court disagrees and finds that dismissal of Rotolo's action is appropriate. The decision to permit a plaintiff to voluntarily dismiss her action is within a district court's sound discretion. *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994); Federal Rule of Civil Procedure 41(a)(2). The court will exercise its discretion to dismiss in the instant case because the plaintiff seeks to abandon her action in this district in favor of pursuing her action in federal court in Illinois. The court will honor her preference. Further, the defendants' pending motion to transfer venue does not impact the action before this court. If granted, the motion would transfer the case currently before Judge Kapala to the Western District of Wisconsin, not to this district. Therefore, the court sees no reason to delay dismissal of the plaintiff's case in this court.

Accordingly,

-2-

Case 2:09-cv-00337-JPS   Filed 03/22/10   Page 2 of 3   Document 30

**IT IS ORDERED** that the plaintiff's motion to lift the stay and dismiss the action (Docket #28) be and the same is hereby **GRANTED;** this action be and the same is hereby **DISMISSED without prejudice**.

The clerk is ordered to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 22nd day of March, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge